UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          :
                                  :
v.                                :          Crim. No. Case 1:26-cr-10044-IT
                                  :
HELEN MURRAY                      :

## DEFENDANT'S MEMORANDUM OF LAW IN AID OF SENTENCING

Now comes the Defendant, Helen Murray, having plead guilty in this matter to wire fraud under 18 U.S.C. § 1343 and respectfully submits to this Honorable Court the following memorandum of law in aid of sentencing.

As discussed below, Ms. Murray requests that the Court sentence her to:

- Two years probation;

- Restitution in full of $72,131.00.

The information that follows is not intended to shift the burden or eschew responsibility for Ms. Murray's conduct in question but rather to assist shape a just sentence.

## I. PROCEDURAL HISTORY

On March 31, 2026, Ms. Murray appeared before the Honorable Judge Talwani to waive indictment and plead guilty to an Information complaint charging her with one count of wire fraud under 18 U.S.C. § 1343. After a colloquy with Ms. Murray, this Court accepted her guilty plea. As of this filing Ms. Murray's sentencing is scheduled for July 1, 2026.

## II. FACTS

Ms. Murray was an employee at the Boston Housing Authority (BHA), located in Boston, MA, from approximately 2009 through October 2024. During this period, Ms. Murray served in various roles for the BHA including as a clerk, a senior management aid and lastly as an executive secretary from approximately late 2022 to October 2024. Beginning in about January

1

2023 and ending in about August 2024, Ms. Murray submitted several dozen weekly overtime Forms that were false and fraudulent, in that they falsely listed hours of overtime that Ms. Murray did not actually work. These submitted forms misrepresented the hours of overtime purportedly worked; and falsely representing that Ms. Murray's BHA supervisor had approved the submitted forms. Through these acts Ms. Murray fraudulently obtained $72,131.00 in BHA overtime pay during the period in question.

In about September 2024 Ms. Murray resigned from her position at the BHA after her wrongdoing was discovered. In January of 2026, Ms. Murray was contacted by the United States Attorney's Office regarding the fraudulent overtime payments. She retained counsel and immediately agreed to cooperate with the investigation. On February 11, 2026, Ms. Murray entered into a non-binding plea agreement with the government where she would waive indictment, plea guilty and the parties would then jointly recommend a sentence of straight probation and full restitution.

In March of 2026, Ms. Murray was contacted by Attorney Timothy Smyth on behalf of the Boston Retirement System (BRS). Attorney Smyth notified Ms. Murray that once she was sentenced that BRS would move to forfeit her pension. Attorney Smyth further stated to Ms. Murray that her annuity savings fund contained $73,593.41, and that this money would be held in abeyance pending the pension forfeiture proceeding.

### III. SENTENCING GUIDELINES CALCULATON

Before sentencing a defendant, a court must correctly calculate a guideline sentencing range. See *United States v. Millan-Isaac*, 749 F.3d 57, 66 (1st Cir. 2014) (explaining that district courts must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range" (quoting *Gall v. United States*, 552 U.S. 38, 49(2007))).

2

Here, under the plea agreement, the parties agreed to propose to the Court that Ms. Murray's base offense level is 7 because the statutory maximum term of imprisonment for wire fraud is 20 years (USSG § 2B1.1(a)(1)). Ms. Murray's offense level is increased by 6 points to a level 13 because the value of improper benefits was more than $40,000 but less than $95,000 (USSG § 2B1.1(b)(1)(D)). Ms. Murray's offense is then decreased by 2 points because she accepted responsibility for her criminal acts (USSG § 3E1.1); and deceased another 2 points because she qualifies as a zero-point offender (USSG §4C1.1 (a)), therefore, making her a level 9 under the guidelines. Because Ms. Murray has no prior convictions she is a category I offender. Under the guidelines, a level 9, category I offender would receive a 4-10 month sentence. Though, as noted in paragraph 59 of the PSR, because Ms. Murray received an adjustment under USSG §4C1.1 (Adjustment for certain zero-point offenders) and her applicable guideline range is in zone A or B of the sentencing table, a sentence other than a sentence of imprisonment, in accordance with USSG §5C1.1(b) or (c)(3) is generally appropriate. (USSG §5C1.1, comment. (n. 10)).

## IV. APPLICABLE SENTENCING GUIDELINES AND THE DEFENDANT'S SENTENCING RECOMMENDATION

Under the plea agreement, the parties agreed to recommend to this Honorable Court a sentence of straight probation and restitution in full.

As stated in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are "advisory, which means that this Court has considerable leeway to impose a sentence that falls outside the range suggested." *See United States v. Robinson*, 433 F.3d 31, 35 (1st Cir. 2005). *Booker* allows courts "to impose non-guideline sentences that override guidelines, subject only to the ultimate requirement of reasonableness." *See United States v. Jimenez-Beltre*, 400 Mass. F.3d 514, 518 (1st Cir. 2006).

According to the Judicial Sentencing Information Network (JSIN), during the last five fiscal years (FY2021-2025), there were 351 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 9 and a criminal history category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 184 defendants (52%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 3 months) and the median length of imprisonment imposed was 0 months.

Here, the parties proposed sentence of probation would place Ms. Murray in the 48% percent of similarly situated defendants who were not sentenced to incarceration in the past five years; as well as place her at the median level of imprisonment under the JSIN. Accordingly, a sentence of probation is reasonable and appropriate. *See United States v. Kimbrough*, 128 S.Ct. 558 at 597 (2007); *United States v. Rodriguez*, 527 F.3d 221 (1st Cir. 2008).

### V.  18 U.S.C. § 3553(a)[1]

Ms. Murray is a forty-two-year-old person with no prior criminal record of admissions or convictions. She was born and raised in Boston, MA. She has always maintained a loving relationship with her parents and her three siblings. Ms. Murray has been married since 2018, and is mother to four minor children including two step-children. She continues to be supported by several family members and friends who have submitted letters of support.

---

[1] Under 18 U.S.C. § 3553(a), the Court, in determining what sentence to impose, shall consider, *inter alia* : (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The need for the sentence imposed: (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) To afford adequate deterrence to criminal conduct; (C) To protect the public from further crimes of the defendant; and (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; ... and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

At the age of sixteen Ms. Murray dropped out of high school to work at various retail outlets. She since obtained her GED. Throughout her adult life she has typically be fully employed. The theft in the instant matter was brought on by financial hardship and anxiety surrounding that hardship.

Since leaving the BHA in 2024, Ms. Murray was hired by Winn Companies in Boston as an assistant property manager. Once she was charged in the instant matter she was terminated by Winn Companies. In April of 2026, Massachusetts General Hospital hired Ms. Murray as a clinic practice assistant. She remains employed there now. At this new position she has no access to payroll disbursements.

Additionally and significantly, because of her conviction in this matter, it is expected that Ms. Murray will forfeit any right to her pension under Massachusetts general law chapter 32 section 2. Further, under MGL c. 32 §2(1)-(3), it is anticipated that the BSR will not return at least $72,131.00, of Ms. Murray's accumulated total deductions that she paid in to her pension from 2009 to 2024. Rather, it is expected that the BSR will retain these funds as restitution for Ms. Murray's theft of BHA's funds. Thus, restitution is expected to be paid in full soon after sentencing on this matter.

Finally, Ms. Murray has recently been prescribed medication for her anxiety by her primary care doctor. Also, she has scheduled an intake through Tufts Medical Center for June 26, 2026, to begin individual therapy.

Accordingly, given the totality of circumstances, including Ms. Murray's lack of criminal record, her acceptance of responsibility and her ability to make restitution in full via the funds she contributed to her pension fund over a fifteen-year period, a sentence of probation is reasonable. It satisfies 18 U.S.C. § 3553(a) by deterring future criminal conduct, protects the

5

safety of the public and avoids unwarranted sentencing disparities. See *Gall v. United States*, 128 S.Ct. 586, at 597 (2007) (sentencing requires individualized assessment based on the facts presented and variance may be justified).

## VI. CONCLUSION

Ms. Murray is regretful and remorseful for her conduct that makes up this matter. She is committed to redemption and once again being a positive member of her community. For the aforementioned reasons, Ms. Murray respectfully requests that the Court adopt the parties proposed disposition as procedurally and substantively reasonable.

Date: June 23, 2026.

Respectfully submitted,
HELEN MURRAY,
Through Counsel,

/s/ Patrick M. Gioia

Patrick M. Gioia, Esq.
BBO No.: 681538
Gioia Law, LLC
132 Lincoln Street, Suite 5R
Boston, MA 02111
(617) 959-0862
pmg@gioialaw.com

## CERTIFICATION OF SERVICE

I, Patrick M. Gioia hereby certify that on June 24, 2026, I caused the attached document and attachments to be filed through the ECF system, which then caused it to be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF), including the AUSA's assigned to this matter. Signed: June 23, 2026.

/s/ Patrick M. Gioia

Patrick M. Gioia, Esq.
BBO No.: 681538
Gioia Law, LLC
132 Lincoln Street, Suite 5R
Boston, MA 02111
(617) 959-0862
pmg@gioialaw.com

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA           :
                                   :
v.                                 :        Crim. No. Case 1:26-cr-10044-IT
                                   :
HELEN MURRAY                       :

## **TABLE OF ATTACHEMENTS**

### A. **OTHER**

a. Letter from Attorney Timothy Smyth, Boston Retirement Board, dated March 23, 2026;
b. Pay stub as verification of employment, check date June 18, 2026;

### B. **LETTERS OF SUPPORT**

a. Letter of support from Debra Hurley-Jones, dated June 15, 2026;
b. Letter of support from Karen Murray, dated June 5, 2026;
c. Letter of support from Jerry Chu, dated June 18, 2026;
d. Letter of support from Xiaohong Chen, received June 12, 2026;
e. Letter of support from Chris Attardo, dated June 8, 2026;
f. Letter of support from Lakesha Eagle, dated June 16, 2026.

7